UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**PAMELA J. JANSSEN,**
2821 Green Bass Road
Rhinelander, WI 54501

      Plaintiff,

vs.

Case No. 20-cv-215

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Ste. 1
Madison, WI 53703

      Defendant.

## COMPLAINT

The Plaintiff, Pamela J. Janssen, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Rhinelander, Wisconsin.

2. Defendant, Hartford Life and Accident Insurance Company ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of Connecticut, licensed to do business in Wisconsin.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the Ability Plus Benefit provided by the Plan.

8. Plaintiff's Ability Plus Benefit is worth $334.00 per month.

9. Defendant determined that Plaintiff was disabled and eligible to receive long-term disability insurance benefits based on the same medical issues that constitute Plaintiff's claim for Ability Plus Benefit.

10. Plaintiff has been awarded SSDI benefits.

11. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for Ability Plus Benefits.

12. Defendant denied Plaintiff's Ability Plus Benefits claim in its entirety.

13. Defendant determined whether Plaintiff was eligible for Ability Plus Benefits.

14. Defendant was responsible for paying Plaintiff's Ability Plus Benefits.

15. Plaintiff timely appealed Defendant's denial of her benefits claim.

16. Plaintiff submitted complete medical documentation in support of Plaintiff's eligibility to receive Ability Plus Benefits as part of the appeal.

17. Plaintiff submitted all information requested by the Defendant.

18. Defendant failed to consider the issues raised in Plaintiff's appeal.

19. Defendant ignored clear medical evidence of Plaintiff's medical conditions, cognitive impairments, and inability to perform Activities of Daily Living.

20. Defendant did not perform a "full and fair review" of Plaintiff's claim.

21. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

22. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

23. Defendant failed to engage in a meaningful dialogue with Plaintiff.

24.     Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

25.     Defendant conducted a selective review of Plaintiff's medical records.

26.     At all times material to this complaint, Plaintiff has remained Disabled and Cognitively Impaired, as defined by the Plan, and has remained unable to perform two or more Activities of Daily Living.

27.     At all times material to this case, the Plan has remained in full force and effect.

28.     Defendant's denial of Plaintiff's claim for Ability Plus Benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

29.     The preceding paragraphs are reincorporated by reference as though set forth here in full.

30.     Plaintiff has been and remains Disabled and Cognitively Impaired, as those terms are defined by the Plan, and unable to perform two or more Activities of Daily Living.

31.     Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is arbitrary and capricious as the Plan has granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

32.     Defendant arbitrarily and capriciously denied Plaintiff benefits.

33. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

34. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

35. As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

36. Defendant's denial of Plaintiff's Ability Plus Benefit was "downright unreasonable."

37. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for Ability Plus Benefit and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Pamela J. Janssen, demands judgment from the Defendant for the following:

A. Payment of all retroactive Ability Plus Benefit owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all Ability Plus Benefit under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: March 9, 2020

                    **HAWKS QUINDEL, S.C.**
                    *Attorneys for Plaintiff, Pamela J. Janssen*

    By:    */s/ William E. Parsons*
                William E. Parsons, State Bar No. 1048594
                Email: wparsons@hq-law.com
                Jessa L. Victor, State Bar No. 1099144
                Email: jvictor@hq-law.com
                409 East Main Street
                Madison, Wisconsin 53701-2155
                Telephone: 608/257-0040
                Facsimile: 608/256-0236